IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RYAN JOHNSTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:19cv1548 |
| | ) | **Electronic Filing** |
| **NORTH BRADDOCK BOROUGH, THE NORTH BRADDOCK BOROUGH POLICE DEPARTMENT, CHIEF ISAAC DANIELS, JOHN VAHOSKY, BOROUGH COUNCILMAN, MICHAEL DOBRINICH, BOROUGH COUNCILMAN, BRIDGETTE COBBS, BOROUGH COUNCILWOMAN, VICKI VARGO, BOROUGH COUNCILWOMAN, TERESA PARKER, BOROUGH COUNCILWOMAN, JEROME SEPESY, BOROUGH COUNCILMAN, CHRISTOPHER ROLAND, BOROUGH COUNCILMAN, MICHAEL BRESTON, BOROUGH COUNCILMAN, TINA DIXON, BOROUGH COUNCILWOMAN** and **MAYOR TOM WHYEL** (in their official capacity and as individuals) jointly and severally, | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM ORDER**

AND NOW, this 30th day of September, 2020, upon due consideration of defendants' motion to dismiss, [28] the Report and Recommendation of the Magistrate Judge addressing the same, and [29], [30] the objections of the parties to the Report and Recommendation, and, after *de novo* review of the record, IT IS ORDERED that [9] defendants' motion to dismiss be, and the same hereby is, granted in part and denied in part. The motion is granted with respect to plaintiff's claims under the Fourth Amendment, his wrongful discharge claim, and that portion of the Wiretap Act claim relating to the recording of plaintiff's conduct in connection with the

locked evidence cabinet; and plaintiff's claims against the individual defendants with the exception of those against defendant Daniele.  With respect to the claims against defendant Daniele, the motion is granted as to all claims against him other than the Wiretap Act claim arising out of the taping of plaintiff's conversation and the Whistleblower Law claim.  The motion is denied in all other aspects.  The Magistrate Judge's Report and Recommendation of September 4, 2020, as augmented herein is adopted as the opinion of the court.

The parties' objections are without merit.  Defendants' objection that plaintiff lacked a property interest in his continued employment as a matter of law seeks to extend the court's review well beyond the scope of notice pleading under Rule 8(a) and is predicated on a reading of the allegations in the light most favorable to defendants.  As aptly highlighted, there are issues of fact surrounding both plaintiff's hiring and his status at the time of termination, and the alleged facts and the reasonable inferences that can be drawn therefrom plausibly set forth due process and stigma-plus claims against his employer.  Consequently, the court declines defendants' invitation to decide this aspect of the parties' controversy at the pleading stage.

Plaintiff's objection falls short as well.  Plaintiff made the statements to another police officer in the workplace, a police station, and stuck his hand into a locked evidence cabinet located there.  He did so after observing that various security devises in the station had been installed and/or restored.  He heard an alarm coming from inside the evidence cabinet.  Given these circumstances, plaintiff did not have a reasonable expectation that his actions would be free from observation or from being recorded.  It follows that defendants' motion as to plaintiff's Fourth Amendment claims properly has been granted.

<u>s/David Stewart Cercone</u>
David Stewart Cercone
Senior United States District Judge

2

cc: Lawrence E. Bolind, Esquire
 Scott G. Dunlop, Esquire
 John A. Bacharach, Esquire
 Morgan M.J. Randle, Esquire

 (*Via CM/ECF Electronic Mail*)

cc: Lawrence E. Bolind, Esquire